Argued June 18, affirmed July 19, reconsideration denied August 25, petition for review denied September 14, 1976

VAN HORN, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(CA 6113)

552 P2d 264

*Annetta L. Spicer,* Certified Law Student, Portland, argued the cause for petitioner. On the brief was Patricia Watson, Northwestern Legal Clinic, Portland.

*Joseph A. Brislin,* Portland, argued the cause for respondent Mt. Hood Radio and Television Broadcasting. With him on the brief were Dezendorf, Spears, Lubersky & Campbell, Portland.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

This is an appeal by Dorothy J. Van Horn, claimant, from an order of the Employment Appeals Board which approved and upheld a referee's finding, after hearing, that claimant was disqualified for receiving unemployment compensation under ORS 657.176(2)(a)[1] because she was discharged for wilful misconduct in connection with her work as a television technician.

Claimant claims that her discharge was directly related to the fact that she had filed a complaint under federal law against the employer for sex discrimination against and harassment of her in connection with her work. The employer asserts that claimant was discharged because she became unjustifiably upset and walked off the job when she was reassigned from a live camera broadcasting the principal television news program of the day on October 2, 1975 to a camera which was used to broadcast still shots used during the program. Both jobs pay the same and are rated even, but claimant claims that the still camera is a less responsible job.

Claimant testified in support of her claim that although she left her camera for most of the show she had permission to do so from her supervisor. She also produced testimony from two other station employes that what she did was not uncommon for the still-camera technician. These employes also testified to circumstances that could lead to the inference that

---

[1] ORS 657.176(2)(a) provides:

"If the authorized representative designated by the administrator finds:

"(a) The individual has been discharged for misconduct connected with his work * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

[ 65 ]

claimant was being harassed by supervisors. In this regard, the further fact must be weighed, however, that the technician who replaced claimant on the live camera was a woman.

The station produced substantial evidence which contradicted claimant's principal evidence. This was to the effect that the claimant did not have permission to leave her camera for the rest of the program after she had arranged her still shots, that in fact it developed that she was needed during the program and could not be found although efforts were made to find her, and that her discharge the following day was because unexcused abandonment of camera assignment during a live broadcast of the station's top program was impermissible, and it was not related to her discrimination complaints. The employer's evidence was also that leaving vital duties during a live broadcast is not condoned by practice in that station; that on one occasion about two years earlier a male employe who left his job of transmitter operator during such a program to go to the vehicle parking lot had been discharged.[2]

There was a plethora of reliable—substantial—evidence to support the referee's and the Employment Appeals Board's de novo decision. ORS 183.482(7) and (8)(d); *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143, Sup Ct *review denied* (1976). We find no error of law in the record.

Affirmed.

---

[2]We distinguish this case from *Babcock v. Employment Division,* 25 Or App 661, 665, 550 P2d 1233 (1976), and *Geraths v. Employment Divison,* 24 Or App 201, 205, 544 P2d 1066 (1976), in both of which we said that " '* * * *ordinarily, a single instance of misconduct would not disqualify a claimant* * * *.' " Here, as distinguished from the facts in those cases, there was evidence from which it could be inferred the employe was openly and defiantly disregarding the employer's best interests.