Submitted on record and briefs February 24, reversed April 17, 1978

MARLETTE HOMES, INC., *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 77-S-2585, CA 9428)

577 P2d 89

Thomas J. Ditton, Hermiston, filed the brief for petitioner.

John W. Smallmon, Hermiston, filed the brief for respondent Lynette H. Tompkins.

No appearance for respondent Employment Division.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

The employer appeals from a decision of the Employment Appeals Board finding claimant eligible for unemployment compensation benefits. Employer contends that claimant was discharged for misconduct connected with her work and therefore should be disqualified under ORS 657.176(2)(a).[1]

The employer is a mobile home manufacturer. Claimant was assigned to sweep out the mobile homes at the end of the production line. She received three warnings about the quality of her work in the first seven months of 1977. The complaints concerned her failure to clean thoroughly, her throwing materials inside the homes, and her attitude when reprimanded, which was expressed in abusive language and excesses in working methods. She was also given verbal warnings about her work on several other occasions. After the third written warning, she was discharged.

The Board concluded that the "record establishes that the claimant attempted to perform to the best of her ability" and that "[h]er inability to meet the employer's standards does not constitute misconduct." We find no evidence in the record to support the Board's finding that claimant's poor job performance was due to an inability to do the work properly. Rather, the record reveals only an unexplained failure to adequately perform simple assigned tasks, claimant's aversion to her job, and her resentment at criticism of her poor performance. Nothing in the record suggests that claimant's job involved unusual difficulties which might allow an inference of inability from the mere fact of substandard performance.

---

[1] ORS 657.176(2) provides in pertinent part:

"If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for misconduct connected with his work, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits * * *."

Therefore, we conclude that the Board's finding that claimant was discharged for her inability to improve is not supported by substantial evidence in the record and must be vacated. ORS 183.482(8)(d).

■ Substandard performance due to inability or inadvertence is not misconduct. However, where it is the result of a deliberate exercise of will contrary to the interests of the employer, then substandard performance is misconduct.

■ No issue of credibility is involved because claimant's testimony established statutory misconduct as a matter of law. She testified that after her first warning about poor cleaning and throwing things inside the mobile homes, she "really started throwing things." She further admits that after a second warning about her job performance and her attitude, she thought to herself, "well, if they don't like it, the way I'm doing it, I'll show them. And then I'd take my broom and make the biggest dust storm you ever seen in there." Because she was irritated at her immediate supervisor, she swept "through there like a bulldozer" without first picking up debris, even though she knew that was not proper.

Whatever may have been the initial cause of her poor performance, claimant's intemperate reaction to criticism exacerbated her problems. Furthermore, her continuing to throw things inside the mobile homes constituted a deliberate violation of her superiors' reasonable directions and indicated an unwillingness to improve her job performance. (Throwing objects was prohibited because it might damage the appearance of the mobile home interiors and because the thrown objects might strike other employes.) Her behavior was a deliberate violation of standards of behavior which her employer had a right to expect of its employes, *Erickson v. Employment Div.,* 29 Or App 893, 896, 565 P2d 1101 (1977), and an intentional disregard of her employer's best interests, *Van Horn v. Employment Div.,* 26 Or App 63, 552 P2d 264 *rev den*

(1976). Such deliberate destructive behavior and the deliberate failure to meet achievable standards of job performance after numerous warnings offend the employer's legitimate interests in maintaining an efficient and harmonious work force and in having a properly finished product to market. Thus, as a matter of law, it is statutory misconduct.

Claimant was discharged for misconduct connected with her work and is ineligible for unemployment compensation benefits. ORS 657.176(2)(a).

Reversed.