Annette Culbreath, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1981, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Margaret A. Lenzi,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

This is an appeal from a determination of the Unemployment Compensation Board of Review (Board)

which affirmed a referee's decision denying claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law.[1]

Annette Culbreath, claimant, was a CETA (Comprehensive Employment and Training Act) employee who was last employed by the County of Delaware as a clerk-typist in the office of the Court Administrator in Media, Pennsylvania. She was responsible for handling the office supplies and insuring their proper delivery to the apropriate district justice's office.

The Deputy Administrator of the Office of the Court Administrator found claimant's work to be unsatisfactory and unacceptable. Specifically, he complained that claimant failed to follow instructions, wasted time, and exhibited an improper attitude on the telephone. Claimant was informed of her superiors' dissatisfaction with her work and was warned about her unsuitable conduct. When, after the warning, her employer failed to see an improvement in her work habits, claimant was dismissed from her job.

Shortly after her employment was terminated, claimant filed an application for unemployment compensation benefits. The Bureau of Employment Security denied claimant's application, deciding that she had been properly discharged from her employment for "willful misconduct". Claimant filed an appeal from this ruling and a referee's hearing was held. The referee affirmed the determination of the Bureau and the claimant further appealed that decision to the Board. The Board affirmed the referee's decision and this appeal followed.

Claimant contends that the Board's findings of fact are not supported by substantial and competent evidence. She asserts that the Board relied upon un-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e).

corroborated hearsay testimony in formulating its findings of fact. We find this contention to be erroneous. The testimony of claimant's employer supports the Board's findings of fact. Claimant's employer testified that he personally heard claimant speaking rudely to one of the district justice's secretaries. In addition, he testified to an incident in which he himself assigned claimant a task which she never completed due to her failure to follow instructions and her misuse of allotted time. Thus, the existence of evidence to support the Board's findings is readily apparent. Once it is established that competent evidence exists to support the Board's findings, those findings are deemed conclusive on this Court. *Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979).

Claimant further argues that her behavior did not amount to willful misconduct under the law. She alleges that she performed her job to the best of her ability and that she was discharged from her employment because of her inability to perform her job to the satisfaction of her employer. The Board, in finding the claimant guilty of willful misconduct held that her behavior evinced a willful disregard of the standards of behavior which an employer has a right to expect of his employees. We agree. An employer can rightfully expect that his employees will follow directions, meet deadlines, use their working hours properly, and answer incoming phone calls in a polite manner. Furthermore, while it is true that mere incompetence, inexperience, or inability which may justify a discharge will not constitute willful misconduct so as to render an employee ineligible for benefits, this Court has held that where poor quality of work product is the result of an unwillingness to work to the best of one's ability, a disqualification will occur. *Markley v. Unemployment Compensation Board of Review,* 47 Pa. Common-

wealth Ct. 148, 407 A.2d 144 (1979). Thus, we find that the Board was proper in determining that the claimant was guilty of "willful misconduct."

Accordingly, we must affirm the Board's decision denying claimant benefits.

## ORDER

AND Now, the 18th day of March, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-177946, denying benefits, is affirmed.

## AMENDED ORDER

AND Now, this 14th day of August, 1981, the Order of this Court in the above matter, dated the 18th day of March, 1981, is amended to include Decision No. B-176276.