LeRoy Bristol, Jr., appellant, v.
John Hanlon, Commissioner of Labor,
State of Nebraska, and J. F. O'Neill
Packing Company, appellees.

312 N.W.2d 694

Filed November 25, 1981. No. 44242.

Ida M. Jones for appellant.

Pamela A. Mattson for appellee Hanlon.

Clayton Byam for appellee J. F. O'Neill Packing Co.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, LeRoy R. Bristol, Jr. (Bristol), appeals from an order entered by the District Court for Douglas County, Nebraska, affirming a previous order entered by the appeal tribunal of the Nebraska Department of Labor finding that Bristol had been discharged for misconduct in connection with his employment at J. F. O'Neill Packing Company. We believe the trial court was correct and accordingly affirm its decision.

The evidence reflects that on March 7, 1980, Bristol was employed by the J. F. O'Neill Packing Company. J. F. O'Neill Packing Company conducts a small, beef slaughtering business in Omaha, Nebraska, and all the employees who work on the kill floor are trained to perform more than one job. Although Bristol was then employed as a "head washer," he had also been trained to remove the hides of beef carcasses.

On March 7, 1980, an employee who regularly removed the hides injured his hand. As a result Bristol was reassigned to perform that task. He had recently performed the job for a full 2-week period and had been trained to perform the work. Apparently the important aspect of this job is to remove the hide with as few cuts as possible so that the hide may thereafter be used for commercial purposes.

The evidence discloses that soon after Bristol replaced the injured employee he began making 12-inch-long cuts in the hides with his knife. Everyone, including Bristol, conceded that such cuts were improper and tended to destroy the value of the hides. Another employee working near Bristol observed these cuts and warned Bristol at least three times to stop making such reckless cuts. Bristol's response was to shout obscenities at the employee and continue making the cuts in the

same fashion as he had prior to the warnings.

At that time Michael O'Neill, vice president of J. F. O'Neill Packing Company, arrived on the kill floor and observed Bristol making the long cuts in the hides. O'Neill concluded that because Bristol had worked for the company for almost 3 years, was considered to be a good butcher by the company, and was fully aware of his duty to avoid cutting the hides, it was apparent Bristol was intentionally destroying the hides. O'Neill directed the company foreman to fire Bristol at once.

After a hearing on the incident, the claims deputy of the Nebraska Department of Labor determined that Bristol had intentionally destroyed the hides and that he was discharged by the company for misconduct pursuant to Neb. Rev. Stat. § 48-628(b) (Reissue 1978). Accordingly, the claims deputy assessed an 8-week disqualification of unemployment benefits in the amount of $848, reducing the amount of unemployment compensation Bristol received to $1,908.

Bristol appealed this determination to the appeal tribunal of the Nebraska Department of Labor, and after a hearing on the merits the Nebraska Appeal Tribunal affirmed the claims deputy's determination. Thereafter, Bristol petitioned the District Court for Douglas County, Nebraska, for judicial review. Trial was held on February 4, 1981, and on March 10, 1981, the District Court affirmed the decision of the Nebraska Appeal Tribunal. The principal question presented to this court is whether the evidence was sufficient to support a finding that Bristol acted intentionally when cutting the hides and not simply as a result of inefficiency or poor performance. While it is true that an appeal from a decision of the Nebraska Appeal Tribunal on an employment compensation claim is considered by both the District Court and this court de novo on the record (*Powers v. Chizek*, 204 Neb. 759, 285 N.W.2d 501 (1979)), it is likewise true that the review de novo on the record is limited to and governed by the standards of the Administrative Procedures Act. See

Neb. Rev. Stat. §§ 84-901 to 84-919 (Reissue 1976). Specifically, § 84-917(6)(e) and (f) provides that the court may reverse or modify the decision "if the substantial rights of the petitioner may have been prejudiced because the agency decision is: . . . (e) Unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or (f) Arbitrary or capricious."

The other subparts of § 84-917(6) are not at all relevant to this review. See *Gosney v. Department of Public Welfare*, 206 Neb. 137, 291 N.W.2d 708 (1980).

Pursuant to that standard we have now examined the entire record, and while there is testimony offered by Bristol himself that his actions were not intentional, the overwhelming weight of the evidence is to the contrary. Bristol clearly understood the nature of his job and how to properly perform it. Though he knew he was damaging the hides, he made no effort to correct his behavior, to seek help or assistance, or to evidence any remorse about his action. He apparently was not very happy about having been put on this job and was evidencing his unhappiness by his lack of concern for his work.

Neb. Rev. Stat. § 48-628(b) (Reissue 1978) provides that an individual shall be disqualified for benefits "(b) For the week in which he has been discharged for misconduct connected with his work, if so found by the commissioner, and for not less than seven weeks nor more than ten weeks which immediately follow such week, as determined by the commissioner in each case according to the seriousness of the misconduct . . . ." Indeed, the Commissioner may, if he finds that the misconduct was gross, flagrant, and willful, or was unlawful, deny the individual *any* benefits with respect to wage credits earned prior to such misconduct. See § 48-628(b).

While it appears that this court has not had an occasion to define the term "misconduct" under the Nebraska Employment Security Law, several other

courts have. Their decisions are helpful to us in deciding this case. Misconduct has been defined by various courts as a deliberate, willful, or wanton disregard of an employer's interest or of the standards of behavior which the employer has a right to expect of his employees, or carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design. See, *Fitzgerald v. Globe-Union, Inc.*, 35 Wis. 2d 332, 151 N.W.2d 136 (1967); *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636 (1941); *Marlette Homes, Inc. v. Employment Division*, 33 Or. App. 547, 577 P.2d 89 (1978); *Erickson v. Employment Division*, 29 Or. App. 893, 565 P.2d 1101 (1977); *Van Horn v. Employment Division*, 26 Or. App. 63, 552 P.2d 264 (1976); *Markley v. Com., Unemp. Comp. Bd. of Review*, 47 Pa. Commw. Ct. 148, 407 A.2d 144 (1979); *Culbreath v. Com., Unemploy. Comp. Bd. of R.*, _____ Pa. Commw. Ct. _____, 426 A.2d 1267 (1981).

We are unable to say, as a matter of law, that the action of the appeal tribunal is unsupported by competent, material, and substantial evidence in view of the entire record, or is arbitrary or capricious.

The record appears totally devoid of any explanation by Bristol as to the reason for his behavior, particularly in view of the fact that he was aware of the seriousness of his action and had been warned by a fellow employee. We believe that the decision of the District Court affirming the finding of the appeal tribunal should be affirmed.

AFFIRMED.