Argued and submitted May 20, 1981 affirmed February 8, 1982

RISTICK,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 80-AB-1193, CA 19668)

640 P2d 696

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem, filed the brief for respondent Employment Division.

Bruce K. Posey, Portland, argued the cause and filed the brief for respondent Pacific Northwest Bell.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Petitioner appeals from a decision of the Employment Appeals Board which denied her unemployment insurance benefits. The Board found that petitioner voluntarily left work without good cause. ORS 657.176(2)(c).[1]

Petitioner was employed by Pacific Northwest Bell Telephone Company (PNB) from January, 1974, through July 23, 1980. At the time petitioner ceased to work for PNB, she had been employed as a clerical worker in PNB's plant services department. Before that, she had worked in the directory department.

Petitioner's last working day was July 3, 1980. On that day, according to PNB, she was informed that she was to be transferred back to the directory department. Petitioner contends that she was given a choice to remain where she was or to accept this transfer. PNB claims that she had no such choice, but was given leave of absence from July 4, 1980, through July 13, 1980, to decide whether she would accept the transfer and continue working for PNB. She did not return to work on July 14, and did not contact PNB until July 16, when she telephoned her supervisor from Washington. The supervisor testified that she informed petitioner that a letter had been sent to her home

---

[1] ORS 657.176 provides, in part:

"(1) An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of the individual's failure to apply for or accept work and shall promptly enter an assistant director's decision if required by subsection (4) of ORS 657.265.

"(2) If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for misconduct connected with his work, or

" * * * * *

"(c) The individual voluntarily left work without good cause,

" * * * * *

"the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

stating that petitioner would lose her job if she did not report to work on July 21. Petitioner denies this.

Petitioner did not report to PNB on July 21, and claims that she was suffering from depression as a result of job-related stress, although she did not realize it at the time. When she returned home on July 26, she found a letter dated July 23, which contained formal notice of the termination of her employment for job abandonment. After she received the notice, petitioner consulted a psychiatrist, who found that she was in an anxiety depressive state, caused in part by job-related stress factors, and who recommended that she be reinstated. Petitioner was not reinstated.

On appeal, petitioner assigns as error the Board's decision that she voluntarily left work without good cause. She makes two arguments. First, she argues that she did not voluntarily resign her position, but was discharged as of July 21, 1980. Therefore, according to petitioner, ORS 657.176(2)(a), which provides that an individual is disqualified for receipt of benefits if "the individual has been discharged for misconduct connected with his work * * *" should apply. In discharge for misconduct cases, the burden is on an employer to prove misconduct which would disqualify a claimant from receipt of unemployment benefits. *Pac. N. W. Bell v. Emp. Div.*, 37 Or App 843, 850, 588 P2d 654 (1978). Petitioner claims that her failure to report for work was no more than an instance of bad judgment, and, as such, does not constitute the kind of misconduct which permits a disqualification to receive benefits. *See, e.g., VanHorn v. Employment Div.*, 26 Or App 63, 552 P2d 264, *rev den* (1976); *Diamond Fruit v. Employment Div.*, 26 Or App 617, 553 P2d 1080 (1976).

■. In this case, the Board found that petitioner had abandoned her job and, therefore, concluded that she had left work voluntarily.[2] OAR 471-30-038(2) provides:

---

[2] In support of its conclusions, the Board made the following findings of fact:

"(1) The claimant was employed in a clerical position by this employer from 1974 to July 3, 1980. (2) Prior to July 3, 1980, she had been issued verbal warnings regarding her attendance and had been issued a written warning. (3) The claimant had discussed with her supervisor, the possibility of transferring to another department. (4) At the same time she requested some time

"The distinction between voluntary leaving and discharge is:

"(a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work.

"(b) If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

Petitioner here could have continued to work for PNB for an additional period of time. She did not report for work on July 14, 1980, as she had been directed, and was given an additional week to report, but did not.

▇, ▇. Petitioner denies being informed that she was to report to work on July 21, 1980, or lose her job, but the referee and the Board both found that she was so informed. Petitioner was given a choice: report to work or lose her job. She did not return to work. The fact that petitioner did not submit a resignation is irrelevant. The Board's finding is supported by the evidence. PNB's formal notice of termination did not require a different finding. The Board's conclusion that she voluntarily left work is warranted by the findings of fact.

Petitioner's second argument is that the Board's decision that petitioner left work without good cause is not supported by substantial evidence. She argues that the Board did not consider the medical evidence that petitioner was undergoing depression due to stress. Petitioner bases this conclusion on the fact that the opinion does not mention the psychiatrist's August 15, 1980, report on her mental condition.

---

off to deal with personal problems. (5) She was granted time off and was to report for work on July 14, 1980. (6) The claimant traveled out of state and did not contact the employer nor report to work on July 14 or 15. (7) On July 16, 1980, the claimant called her supervisor collect and was told a letter had been sent to the claimant advising her that if she did not contact the employer by July 21 with an answer regarding accepting a transfer to another department and when she was returning to work, she would be discharged. (8) The claimant did not return home until July 26, 1980, at which time she read a letter dated July 23, 1980 advising her that she was discharged. (9) She did not return to work thereafter."

Failure to discuss this report does not show that the Board ignored the medical evidence. Rather, it appears that the Board did consider the medical evidence and concluded that, despite her medical problems, petitioner left work without good cause. Petitioner was not acting under medical advice when she failed to report for work, and she herself testified that she was rational and able to think clearly at the time. When questioned as to why she did not report to PNB on July 21, 1980, petitioner stated: "Because I was just — I don't know, it's the only way I can put it." The Board wrote:

"OAR 471-30-038(4) defines 'good cause' as ' * * * such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no alternative but to leave work.' In the case at hand, the only reason given by the claimant for effectively abandoning her job was that because of emotional distress, she did not wish to communicate with anyone. This reason does not fall within the definition of 'good cause' and the claimant's abandonment of her job is disqualifying."

We find this analysis to be correct and that the Board's order is supported by substantial evidence.

Affirmed.