STEVEN E. STUART, APPELLANT, V. OMAHA PORKERS,
INC., ET AL., APPELLEES.
331 N.W.2d 544

Filed March 25, 1983.   No. 82-577.

Larry R. Spain, for appellant.

Pamela A. Mattson, for appellee Commissioner of Labor.

Roger J. Miller and Dale E. Bock of Nelson & Harding, for appellee Omaha Porkers.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

This is an appeal from a decision of the District Court for Douglas County, Nebraska, which affirmed the decision of the Nebraska Appeal Tribunal of the Department of Labor disqualifying claimant, Steven E. Stuart, from receiving unemployment benefits for a period of 7 weeks.   The tribunal found that the claimant had been discharged for misconduct connected with his work.

This court reviews cases regarding unemployment benefits de novo on the record and will retry all

issues of fact and reach an independent conclusion. Neb. Rev. Stat. § 48-640 (Reissue 1978); *Heimsoth v. Kellwood Co.,* 211 Neb. 167, 318 N.W.2d 1 (1982).

The appellant, Steven E. Stuart, was employed as a packinghouse laborer by appellee Omaha Porkers, Inc., until he was discharged on November 23, 1981. At the time Stuart commenced his employment with Omaha Porkers, he, as well as all other new employees, was informed of a company rule that 3 days' absence without a notification to the company of such intended absence would result in automatic termination.

Stuart had been injured while working at the plant on September 25, 1981, and was released by his physician to return to work on November 13, 1981, a Friday. Stuart worked November 13 and again on November 16, 1981. On November 17, 1981, Stuart called in and notified the company representative that he did not intend to work on that day. He did so again on November 18, 1981. The reason given was "chronic and persistent pain." He did not indicate the length of his absence. On November 19, 1981, Stuart contacted the company's workmen's compensation insurance carrier in order to arrange a medical examination. He spoke to Nancy Heaton concerning the company rule that he notify the company, and was assured that she would take care of it. It appears Heaton did speak with the company representative. However, Stuart did not notify the employer on any subsequent date and he was discharged on November 23, 1981.

Neb. Rev. Stat. § 48-628(b) (Reissue 1978) of the Nebraska Employment Security Law provides that an individual shall be disqualified for benefits "[f]or the week in which he has been discharged for misconduct connected with his work, if so found by the commissioner, and for not less than seven weeks nor more than ten weeks which immediately follow such week, as determined by the commissioner in each

case according to the seriousness of the misconduct . . . ."

While the term "misconduct" is not specifically defined in the statute, it has generally been defined to include behavior which evidences (1) wanton and willful disregard of the employer's interests, (2) deliberate violation of rules, (3) disregard of standards of behavior which the employer can rightfully expect from the employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or of the employee's duties and obligations. *Snyder Industries, Inc. v. Otto,* 212 Neb. 40, 321 N.W.2d 77 (1982); *Bristol v. Hanlon,* 210 Neb. 37, 312 N.W.2d 694 (1981).

Stuart admitted on cross-examination that he was completely familiar with the company work rules and that he had been warned with respect to his absenteeism. Regardless of whether the notification to Nancy Heaton of his absence of November 19, 1981, was sufficient to show the absence of misconduct on that date, the continued failure to notify the company on subsequent dates was a clear violation of the company's rule. In common experience, the presence of or at least the preshift notice of absence of a workman is essential to the efficient operation of an assembly line production system and is a legitimate interest of the employer. The absence without notice, taken with previous warning, was sufficient to find that Stuart was discharged for willful misconduct. *Strauss v. Square D Co.,* 201 Neb. 571, 270 N.W.2d 917 (1978).

The judgment of the District Court affirming the decision of the appeal tribunal was correct and is hereby affirmed.

AFFIRMED.