H. RICHARD MCCORISON, APPELLANT, V. CITY OF LINCOLN, NEBRASKA, AND STATE OF NEBRASKA, COMMISSIONER OF LABOR, APPELLEES.

339 N.W.2d 294

Filed October 21, 1983. No. 82-819.

H. Richard McCorison, pro se.

Paul D. Kratz, for appellee Commissioner of Labor.

William F. Austin, City Attorney, and James D. Faimon, for appellee City of Lincoln.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

This case involves the right of a former employee to receive full unemployment compensation benefits pursuant to the Nebraska Employment Security Law, Neb. Rev. Stat. §§ 48-601 to 48-671 (Reissue 1978). The appellant, H. Richard McCorison, a former employee of the City of Lincoln, Nebraska (City), has appealed from a judgment entered by the District Court for Lancaster County, Nebraska, which affirmed findings made by the Nebraska Appeal Tribunal. The tribunal found that McCorison had been discharged for misconduct connected with his work, as provided for by § 48-628(b), and, accordingly, was not entitled to receive benefits for the week in which he was discharged and for an additional 9 weeks.

The record discloses that on March 19, 1981, the City sent McCorison a letter in which the City terminated his employment, and gave as the reasons for the termination deficiencies in 10 areas. We have carefully examined the record. While we find that most of the claims made by the City upon which the discharge was based are unsupported in the record by sufficient evidence, though they may be true, we do believe that one of the charges is fully supported by the record, and for that reason the judgment of the District Court must be affirmed.

We have previously defined misconduct as referred to in § 48-628(b). Specifically, in *Stuart v. Omaha Porkers*, 213 Neb. 838, 840, 331 N.W.2d 544, 546 (1983), we recently said: "While the term 'misconduct' is not specifically defined in the statute, it

has generally been defined to include behavior which evidences (1) wanton and willful disregard of the employer's interests, (2) deliberate violation of rules, (3) disregard of standards of behavior which the employer can rightfully expect from the employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or of the employee's duties and obligations." See, also, *Snyder Industries, Inc. v. Otto*, 212 Neb. 40, 321 N.W.2d 77 (1982); *Bristol v. Hanlon*, 210 Neb. 37, 312 N.W.2d 694 (1981).

The first deficiency constituting misconduct set out in the City's letter of March 19, 1981, is, "cannot be depended upon to report to work on a regular basis." The City introduced evidence which established that McCorison was absent 531.5 hours from October 27, 1978, to September 18, 1980. On the basis of a normal 40-hour week, this amounts to more than 13 weeks of absences, or nearly 12 percent of the time of his employment. McCorison knew that his frequent and unexcused absences from work were a serious problem. His periodic employee service ratings prepared on April 17, 1979, and May 19 and October 10, 1980, all recite that McCorison's immediate supervisor was recommending that he not be given a merit increase because of his questionable use of sick leave. McCorison acknowledged that he had read each of these documents and affixed his signature to them.

McCorison argues that the leaves were occasioned principally by illness caused by his work. However, the record does not support such a finding; we have only McCorison's unsubstantiated statements to that effect.

An employer has a right to expect an employee to be on the job except when otherwise excused and as authorized by the employment rules. The City, through its personnel code, provided for certain authorized times to be absent from work, including

sick leave with pay, funeral leave with pay, and injury leave with pay. However, the absences, as reflected by the record, were neither explained nor justified by McCorison.

In an extensive annotation found at 41 A.L.R.2d 1158, 1160 (1955), the author notes: "Under statutes providing that unemployment benefits are to be denied or delayed to one whose unemployment results from discharge for wilful misconduct, it has been held or recognized that persistent or chronic absenteeism, at least where the absences are without notice or excuse, and are continued in the face of warnings by the employer, constitutes wilful misconduct within the statute." In *Keefer v. Com., Unemployment Comp. Bd. of Rev.*, 47 Pa. Commw. 281, 407 A.2d 934, 935 (1979), the Pennsylvania Commonwealth Court said: "However, excessive unjustified absenteeism can constitute willful misconduct because it may evidence a wanton and willful disregard of the employer's interest or a disregard of the standards of behavior which an employer can rightfully expect from his employee."

And in *Wallace v. Stewart*, 559 S.W.2d 647, 648 (Tenn. 1977), the Tennessee Supreme Court said: "In our opinion, excessive absenteeism may be the basis of a finding of misconduct by the commissioner. What constitutes absenteeism must be left to be determined case by case, at least until the Legislative [sic] provides a definition of misconduct.

"No aspect of contract of employment is more basic than the right of the employer to expect employees will appear for work on the day and at the hour agreed upon. Persistent failure to honor that obligation evinces a substantial disregard for the employer's interest and may justify a finding of misconduct connected with the employment.

"Ample authority may be found in other jurisdictions to the effect that persistent or chronic absenteeism without notice or excuse in the face of warnings from the employer constitutes such mis-

conduct as requires a denial of unemployment compensation. See *Broadway & Fourth Ave. Realty Co. v. Crabtree*, 365 S.W.2d 313 (Ky.196[2]); *Krawczyk v. Unemployment Compensation Board of Review*, 175 Pa.Super. 361, 104 A.2d 338 (1963); *Chapman v. Division of Unemployment Security*, 104 So.2d 201 (La.App.1958).''

Applying our definition of misconduct as most recently set out in *Stuart v. Omaha Porkers*, 213 Neb. 838, 331 N.W.2d 544 (1983), and the decisions regarding unjustified absenteeism to the facts in the present case, it is clear that McCorison's absence from work without explanation evidenced wanton and willful disregard of the employer's interests, and appears to have been in clear, deliberate violation of the City's personnel rules regarding absences. An employer has a right to expect an employee to be present and at work. By absenting himself from work for a total of some 13 weeks, McCorison clearly disregarded standards of behavior which the City could rightfully expect from him. The Nebraska Appeal Tribunal was correct in concluding that his absence from work constituted misconduct. For these reasons, therefore, the judgment of the District Court must be affirmed.

AFFIRMED.

McCown, J., not participating.