MELODY A. JENSEN, APPELLEE, V. MARY LANNING MEMORIAL HOSPITAL, APPELLANT, NEBRASKA COMMISSIONER OF LABOR, APPELLEE.

443 N.W.2d 891

Filed August 4, 1989.   No. 88-949.

Douglas Pauley, of Conway, Connolly and Pauley, P.C., for appellant.

Laureen Van Norman and John F. Sheaff for appellee Commissioner of Labor.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from a decision of the Adams County District Court affirming the decision of the Nebraska Appeal Tribunal granting the plaintiff-appellee, Melody A. Jensen, 10 weeks of unemployment benefits, which had been denied by a Nebraska Department of Labor claims deputy.

Jensen worked as a nursing assistant for the respondent-appellant, Mary Lanning Memorial Hospital (Hospital), the employer, from February 1971 until her termination on May 9, 1988.

Jensen had a history of absenteeism and reporting to work with the odor of alcohol on her breath. After conferences with her nursing supervisor on January 9 and April 14, 1987, Jensen was warned in writing that her conduct must improve. On January 9, 1987, it was suggested, in writing, to Jensen that she "[c]ome to work at 645 [sic] when scheduled and refrain from using alcohol prior to coming to work." In a hospital conference record dated April 14, 1987, and signed by Jensen, Jensen was warned that "[t]he next time [she] comes to work with alcohol odor [on her] breath she will be terminated."

At approximately 6:45 a.m. on May 5, 1988, Jensen reported to work with the odor of alcohol on her breath. Two nurses noticed the smell of alcohol and notified the supervisor. Jensen told the supervising nurse that she had consumed eight or nine mixed drinks the night before and that she had not had any alcohol to drink after 11:30 p.m. the night before. Jensen was sent home, and on May 9, 1988, after a review of the matter, Jensen was officially discharged by the Hospital.

At the hearing, to explain the existence of the odor of alcohol on her breath, Jensen stated that she suffered from periodontal disease. To corroborate this statement, Jensen provided a letter from her family physician, whom Jensen had seen the day after her discharge. This letter stated that Jensen had "moderately severe parodontal [sic] disease" and that "this type of problem can cause persistent mouth odor." In its letter of May 9, 1988, terminating Jensen, the Hospital relied on information to the contrary.

Hospital records showed that during Jensen's tenure she had been absent without excuse 12 percent of the total time of her employment. Hospital records also indicated that Jensen had been repeatedly warned that unless she corrected this problem she would be terminated.

On May 10, 1988, Jensen applied for unemployment benefits from the Nebraska Department of Labor. On May 18, 1988, Jensen was assessed a 10-week benefit disqualification, since

she had been terminated for reporting "to work with the smell of alcohol on [her] breath."

Jensen appealed her 10-week disqualification to the Nebraska Appeal Tribunal on June 3, 1988. A hearing was held before the tribunal on July 7, 1988, and on July 11, 1988, the tribunal entered its decision reversing the claims deputy. The tribunal's decision stated in pertinent part:

> Under the Nebraska Employment Security Law, a disqualification is assessed against a claimant found to have been discharged for misconduct in connection with the work. Neb. Rev. Stat. § 48-628(b) (Supp. 1987). "Misconduct" is such conduct as evinces a willful, deliberate disregard of the employer's best interests, or of the standards of behavior which it has a right to expect of its employees.
>
> Here, the focus of the analysis is on whether the actions of the claimant were willful and whether those actions, if willful, affected the employer's best interest. Drinking prior to going to work would constitute misconduct. Alcohol on the breath is one indication that that individual is under the influence of alcohol while working. However, this Tribunal is of the opinion that additional facts must be demonstrated in order to show that the claimant was under the influence of alcohol. Except for the odorous breath, the claimant appeared to be functioning normally on the day of termination. Furthermore, there is some evidence in the record that a gum disease may be causing the breath odor. Thus, the claimant might be unable to prevent bad breath.
>
> The evidence here does not demonstrate that the claimant's actions were willful and that the claimant was under the influence of alcohol. Therefore, the Determination of the Claims Deputy should be reversed.

On August 11, 1988, the Hospital filed an appeal in the Adams County District Court, and on October 17, 1988, the district court entered an order, apparently adopting the findings of the tribunal and affirming the decision of the tribunal.

The Hospital timely appealed to this court, assigning as error the district court's finding that the evidence did not support a

finding that Jensen was guilty of misconduct. We reverse and remand with directions.

In an appeal regarding disqualification for benefits under Neb. Rev. Stat. § 48-628(b) (Reissue 1988), the Supreme Court retries factual questions de novo on the record and reaches conclusions independent of those reached by the district court. *O'Keefe v. Tabitha, Inc.*, 224 Neb. 574, 399 N.W.2d 798 (1987). That rule has apparently not been changed by the amendment of Neb. Rev. Stat. § 48-638 (Reissue 1988) and the repeal of Neb. Rev. Stat. § 48-639 (Reissue 1988), which changes were effective July 1, 1989.

Section 48-628(b) provides that an individual shall be disqualified for unemployment benefits

[f]or the week in which he or she has been discharged for misconduct connected with his or her work, if so found by the commissioner, and for not less than seven weeks nor more than ten weeks which immediately follow such week, as determined by the commissioner in each case according to the seriousness of the misconduct, except that if the commissioner finds that such individual's misconduct was gross, flagrant, and willful, or was unlawful, the commissioner shall totally disqualify such individual from receiving benefits with respect to wage credits earned prior to such misconduct.

In *Stuart v. Omaha Porkers*, 213 Neb. 838, 840, 331 N.W.2d 544, 546 (1983), we held:

While the term "misconduct" is not specifically defined in the statute [§ 48-628(b)], it has generally been defined to include behavior which evidences (1) wanton and willful disregard of the employer's interests, (2) deliberate violation of rules, (3) disregard of standards of behavior which the employer can rightfully expect from the employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or of the employee's duties and obligations.

See, also, *O'Keefe v. Tabitha, Inc., supra*; *Snyder Industries, Inc. v. Otto*, 212 Neb. 40, 321 N.W.2d 77 (1982).

We must determine from the record whether Jensen's

conduct amounted to "misconduct," as used in § 48-628(b). We agree with the tribunal's determination that while Jensen had a history of absenteeism and tardiness, that history seemed to be a secondary reason for Jensen's termination.

We hold that it is misconduct for employees to report to work with the odor of alcohol on their breath after having been warned not to do so. In *Federoff v. Rutledge*, 332 S.E.2d 855 (W. Va. 1985), a maintenance foreman of a coal mine had been terminated for reporting to work with alcohol on his breath. The employee's position was that he was not intoxicated on the job. The court held:

> The appellant's defense that he did not report to work intoxicated or drink on the job is no defense to the charge that he ignored previous oral warnings not to report to work in such an odoriferous condition. Being employed in a position with supervisory duties, such as the appellant in the instant case, or being in a position where one is in contact with the employer's customers, particularly compels such a determination.

332 S.E.2d at 858.

The court held that under West Virginia law, "reporting to work smelling of alcoholic beverages, after previously being admonished not to do so, supports a determination that an unemployment claimant was discharged for ordinary misconduct and thereby subject to a six-week disqualification from the receipt of benefits." *Id.* See, also, *Neville v. Bd. of Review*, 143 Ill. App. 3d 548, 494 N.E.2d 512 (1986).

Jensen, as a nursing assistant, necessarily came into close personal contact with hospital patients. Whether she was intoxicated or not, the Hospital was not unreasonable in requiring such an employee report to work without the odor of alcohol on her breath. Such an odor, detected at close range by a hospital patient, could well cause personal distress to the patient and weaken the patient's confidence in the abilities of the hospital's employees to properly care for patients entrusted to the hospital for treatment. The tribunal's determination that Jensen was not intoxicated at work is not dispositive of the issue.

We hold that in an employment position which requires close

personal contact with persons served by the employer, it is not unreasonable for the employer to require that employees in such positions report for work without the odor of alcohol on their breath. Violation of such a requirement, after warnings to the employee, is misconduct within the meaning of § 48-628(b).

The decision of the Adams County District Court is hereby reversed, and the matter is remanded with directions to enter an order remanding the case to the Nebraska Appeal Tribunal for the entry of an order disqualifying Jensen from receiving unemployment benefits for a period of 10 weeks.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., dissents.