Joseph J. Patsy, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 6, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

564

Joseph J. Patsy, appellant, for himself.

Sydney Reuben, Assistant Attorney General, with him Israel Packel, Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 25, 1974:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) denying compensation to Joseph J. Patsy (Patsy).

Patsy brings this appeal *in propria persona* from a decision made by a referee and affirmed by the Board that he is ineligible to receive compensation under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(b)(1), because he voluntarily terminated his employment with the Cumberland Building Company (Cumberland). We affirm.

Our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *See Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973). A careful examination of the record reveals that the Board's findings are supported by the evidence and its conclusion is legally sound.

In fact, Patsy does not argue that he is entitled to compensation following his termination from his job with Cumberland. He contends that he is appealing a

decision denying him compensation following his termination from previous employment with Montgomery Ward in November 1969. Unfortunately, the record is bereft of any evidence revealing that Patsy ever pressed any claim for benefits other than the present one following his termination from Cumberland. Neither the summary of his initial interview with the Bureau of Employment Security nor his petition for appeal from the Bureau's determination mentions anything concerning his termination from Montgomery Ward.

Since the claim for compensation following his termination from Cumberland is the only one before us, this is the only claim we may properly decide.

### ORDER

Now, this 25th day of January, 1974, the appeal of Joseph J. Patsy is hereby dismissed.