Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Brenda G. Young, Appellant.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Robert L. Keogh,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 26, 1976:

This is an appeal by Brenda G. Young (claimant) from a decision of the Unemployment Compensation Board of Review (Board) denying her benefits on the basis that her dismissal from employment resulted from

willful misconduct which rendered her ineligible for such benefits under Section 402 (e) of the Unemployment Compensation Law.[1]

The claimant was employed by Doeler-Jarvis Division of N L Industries, Inc., for a twenty-month period prior to April 25, 1974, when she was dismissed for alleged excessive absenteeism. Her application for unemployment compensation benefits was denied by the Bureau of Employment Security (Bureau), and she then appealed for a hearing before a referee. At this hearing, the employer's representative testified that the claimant had been absent on 37 different occasions, many of which were for periods of two or more consecutive days, or for a total of 79 days. Doctors' certificates were presented relating to only 19 of these periods of absence, but the record appears to indicate only five of these specifically indicated an illness as the reason for absence, while the other 14 indicated no specific reason. The employer's representative also testified that it was the employer's policy in cases of absenteeism to reprimand the individual verbally and then to give three written warnings prior to dismissal, and the record here would support a finding that the normal procedure was followed in this case. The claimant's services were ultimately terminated following a two-day absence for which she had merely reported to her employer that she had been absent for "personal" reasons. She argued before the referee, however, that her absence in this instance was because of injuries sustained in a motorcycle accident, which she claims to have reported on the

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §802(e):

"An employe shall be ineligible for compensation for any week—

. . . .

"(e)   In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

following day. On the basis of this evidence, the referee reversed the decision of the Bureau and awarded benefits. The employer's subsequent appeal to the Board resulted in a reversal of the referee's decision, and the claimant's appeal to this Court followed.

In unemployment compensation cases, review by this Court is confined to questions of law and to a determination as to whether or not the findings of the Board are supported by substantial evidence. *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974). In this appeal the claimant asserts that a letter submitted to the Board by the employer as an attachment to its appeal provided the basis for the Board's findings that she was guilty of willful misconduct and that this letter was incompetent to support such findings because she was denied the right of cross-examination to challenge the assertions made therein.

The Board's factual findings were as follows:

"1. Claimant worked for Doeler-Jarvis Division of N L Industries, Inc. of Pottstown, Pennsylvania, as a final inspector earning $4.18 per hour for a period of twenty months, until April 17, 1974, her last day of work.

"2. Claimant had a record of excessive absenteeism.

"3. Claimant presented acceptable doctor's statements for twenty-five of her seventy-nine absences.

"4. Claimant had been warned both verbally and in writing on several occasions about excessive absenteeism.

"5. Claimant received Union-company counselling concerning her unauthorized absences on February 8, 1974.

"6. Following warnings and counselling, claimant's attendance did not improve and she was discharged effective April 25, 1974."

We have carefully reviewed the record and conclude that only the third of the findings of fact is supported solely by the challenged letter to the Board, while there is other evidence in the record to support all of the other findings. It is well settled, of course, that the party prevailing below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). Without concluding, therefore, that the employer's letter was incompetent, we nevertheless can confine our review to a determination of whether or not the remaining findings support the conclusion that the claimant is guilty of willful misconduct, and we do so find.

Willful misconduct sufficient to disqualify an employee from the receipt of benefits has been defined as behavior which evidences (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Excessive unjustified absenteeism can constitute willful misconduct because it may evidence a wanton and willful disregard of the employer's interest or a disregard of the standards of behavior which an employer can rightfully expect from his employee. *Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). Here the Board's findings are clearly based on statements in the record concerning the claimant's history of excessive and often unjustified absenteeism and of the warnings issued by the employer to her. And, although the claimant may have

had, in fact, a justifiable reason for the particular absence which actually precipitated the termination of her services, she failed to give her employer notice of any justifiable reason and chose instead to offer only "personal" reasons. In view of her history of frequent absences and in view of the employer's issuance of repeated warnings, we believe that her action represented substantial disregard for the standard of behavior which her employer could reasonably expect. And this, as the Board properly concluded, amounts to willful misconduct. We, therefore, issue the following

### ORDER

AND NOW, this 26th day of February, 1976, the order of the Unemployment Compensation Board of Review is hereby affirmed and benefits are denied.