Glen A. Keefer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*John Stember,* for appellant.

*Elsa D. Newman,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General, for appellee.

Opinion by Judge Craig, November 13, 1979:

Claimant Glen Keefer appeals from the Unemployment Compensation Board of Review's decision denying him benefits on the ground that his excessive absences, late arrivals and early departures from work constituted willful misconduct, under Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1]

The record supports the board's finding that claimant had a record of excessive absenteeism, and that, in accordance with the employer's procedure, claimant received a written warning, followed by a three-day suspension, before he was finally discharged on December 21, 1977.

The record shows that beginning in January, 1977, claimant was absent 25 days, quit early 16 times and arrived late for 8 shifts, before he received a written warning in August. Claimant was suspended on September 13, 1977 after accumulating an additional 5 absences and 2 late arrivals. Before he was discharged in December, 1977, claimant missed 5 days, left early 4 times and was late for work on 3 occasions.

Claimant alleges, however, that a key finding of the board, that he failed to report his absences properly, is not supported by substantial evidence. Accordingly, his contention is that the absenteeism cannot be considered willful misconduct.

In an unemployment compensation case, review by the Commonwealth Court is limited to questions of law and a determination of whether findings of fact are supported by substantial evidence. *Gallagher v. Unemployment Compensation Board of Re-*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

*view,* 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978).

Claimant's foreman, as the employer's agent, testified at the referee's hearing that: (1) claimant obtained a slip from a nurse in the Relief Department every time he left work early, which was the customary practice; and (2) claimant followed the proper company procedure requiring him to call in his absences by phone.

However, excessive unjustified absenteeism can constitute willful misconduct because it may evidence a wanton and willful disregard of the employer's interest or a disregard of the standards of behavior which an employer can rightfully expect from his employee. *Unemployment Compensation Board of Review v. Young,* 23 Pa. Commonwealth Ct. 458, 353 A.2d 487 (1976).

Claimant introduced a statement from his doctor, written after his discharge, indicating generally that claimant suffered from a condition which resulted in frequent headaches, causing him to miss work. As in *Young, supra,* where doctors' certificates were presented relating to only 19 of 79 days of absence (and only 5 certificates specifically indicated illness as a reason for absence) we note here that claimant failed contemporaneously to communicate a reason specifically justifying each of the absences. The foreman testified that he had no knowledge of claimant's physical condition.

Although the claimant might have had justifiable reasons for his poor attendance, the record indicates that he failed to give his employer adequate notice of those reasons.

Considering claimant's history of absenteeism and the employer's issuance of warnings, we believe that claimant's action represented substantial disregard for the standards of behavior which his employer was

entitled to expect. *Young, supra,* 23 Pa. Commonwealth Ct. at 463, 353 A.2d at 490.

The Board properly concluded that claimant's behavior constituted willful misconduct. Therefore, we affirm the order of the Board.

ORDER

AND Now, this 13th day of November, 1979, the decision of the Unemployment Compensation Board of Review, dated July 3, 1978, is affirmed.

