John T. Perez, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*George A. Gonzales,* with him *Barbara J. Hart* and *Louis M. Shucker,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 6, 1981:

The appellant in this unemployment compensation case was discharged from his employment for engaging in a fight with another employee on their employer's premises and was denied unemployment compensation benefits on the ground of his willful misconduct.

The competent evidence, consisting chiefly of the appellant's testimony, established that the claimant was told by another employee to go to the end of a group of persons waiting to leave the company's property shortly before leaving time; that the other employee told the appellant "to get back where he belonged" and made an insulting reference to the appellant's national origin, Puerto Rican; that the appellant responded, "If that's the way [he] felt about it to put me back there"; that as they were passing through a door the other employee "shoved me with his shoulder"; that the appellant then said "what is [your] problem" to which his antagonist responded "I don't like you [expletive] Puerto Ricans"; and that the appellant replied, "If that's the way you feel about it, then do something about it." The two then began to fight and continued to do so until the appellant took off his belt and swung it, striking the other in the face

with the belt buckle and causing a one and one-half inch laceration. An employer representative who attended a meeting of the appellant and employer and union people testified that the appellant said at the meeting that he knew he had been wrong but couldn't change what he did.[1]

From this evidence there is little, if any, basis for placing the onus of blame on one rather than the other of the combatants. The other employee's references to the appellant's nationality were offensive and provocative but the appellant's rejoinders were clear challenges to fight. The issue of this case is only that of whether the appellant's conduct constituted willful misconduct. It clearly did. In the not dissimilar case of *Unemployment Compensation Board of Review v. Vojtas*, 23 Pa. Commonwealth Ct. 431, 433, 351 A.2d 700, 702 (1976), we wrote by Judge, now Justice, WILKINSON that

> [P]articipation in a fight with the knowledge that such activity is contrary to company policy is intentional misconduct, substantial misconduct, and in deliberate violation of the employer's rules. Even without a stated policy, this type of conduct is in total disregard of the employer's interest and of the

---

[1] Extended arguments have been made as to the admissibility of minutes of meetings of company and union representatives with the appellant concerning the fight and as to the admissibility of other assertedly hearsay testimony objected to by the claimant. The minutes were not admissible as business records (*Broadbent v. A. Moe & Company, Inc.*, 208 Pa. Superior Ct. 28, 220 A.2d 340 (1966)) and clearly some of the testimony of an employer representative repeating another's version of the fight was also inadmissible and not properly supportive of findings. The Board did, however, make findings supported by competent evidence which in turn support the conclusion that the appellant's actions constituted willful misconduct.

most basic standards of behavior which any employer demands.

Order affirmed.

## Order

And Now, this 6th day April, 1981, the order of the Unemployment Compensation Board of Review denying benefits to the appellant herein is affirmed.

Judge Wilkinson did not participate in the decision in this case.