Roy A. Glenn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Lee Moses,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., February 3, 1983:

Roy A. Glenn appeals an Unemployment Compensation Board of Review (Board) denial of benefits. We affirm.

Glenn was hired by Mon Valley Health and Welfare Council (Mon Valley) as a caseworker aide through the CETA program.[1] His work record, a review of which is necessary to dispose of this appeal, is as follows: Glenn reported fifteen minutes late on his first workday, July 1, 1980. On July 3rd, he took one-half day's vacation to meet with his insurance agent to discuss his claim regarding the theft of his $16,000 automobile. Glenn then reported sick on the following workday, July 7th.[2] He was off July 8th and requested that the time be credited equally between sick leave and vacation leave; eo die, Glenn requested an indefinite leave of absence for health reasons. He was absent again on July 9th.

The following day, Mon Valley terminated Glenn for excessive absenteeism. The referee reversed an award of benefits by the Office of Employment Security by finding that Glenn's excessive absenteeism constituted willful misconduct[3] and that he had failed to establish good cause. The Board affirmed.

[1] The Comprehensive Employment and Training Act of 1973, 29 U.S.C. §801 (1973). The expressed purpose of this legislation is to provide job training and employment opportunities for economically disadvantaged, unemployed and underemployed persons.

[2] It was subsequently discovered that on July 7th, after reporting off work for health reasons, Glenn applied at the local Office of Employment Security for benefits for the week ending July 5th.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e), provides, in part, that an employee shall be ineligible for compensation for any week:

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

It is the employer's burden to prove willful misconduct. *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 10, 11, 422 A.2d 905, 906 (1980). *Excessive* and *unjustifiable* absenteeism can constitute willful misconduct. *Keefer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 281, 407 A.2d 934 (1979).[4] When, however, "an employee has good cause for his conduct and can show that his actions were justifiable and reasonable under the circumstances, he may not be charged with willful misconduct." *Adept Corp. v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 566, 569, 437 A.2d 109, 110 (1981). We are mindful that the fact findings of the Board, if supported by evidence and absent fraud, are conclusive on appeal and that our jurisdiction is confined to questions of law.[5]

Glenn admits that he was absent three and one-half of his first six days of employment. The only evidence submitted to prove good cause (other than Glenn's own testimony, the credibility of which is for the referee and the Board to determine[6]) consisted of two undated physicians' statements which failed to delineate any specific physical disability, the type of medication prescribed, or the projected duration of the alleged illness.[7] Even though Glenn informed Mon Valley of

---

[4] "[E]xcessive unjustified absenteeism can constitute willful misconduct because it may evidence a wanton and willful disregard of the employer's interest or a disregard of the standards of behavior which an employer can rightfully expect from his employer." *Id.* at 284, 407 A.2d at 935.

[5] Section 510.1 of the Unemployment Compensation Law, 43 P.S. §830.1.

[6] *Yazevac v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 90, 93, 430 A.2d 1207, 1209 (1981).

[7] The two statements read as follows:

"This patient was off July 7 to 14 under care of Dr. Bain."

"This patient should return to work 7/14/80."

his absences, he clearly has failed to justify such absences. In view of his short work record and his failure to justify the excessive absences, we affirm the denial of benefits.

Affirmed.

### ORDER

The Unemployment Compensation Board of Review order No. B-188305, dated October 3, 1980, is hereby affirmed.