522 A.2d 680

Freddie J. Peeples, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, March 11, 1987:

Freddie J. Peeples (petitioner) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding him ineligible for unemployment compensation benefits due to willful misconduct.[1]

Petitioner was employed by Sun Refining Company (employer) as a fork truck operator from October 1, 1984, to December 24, 1984, for which he received Six Dollars ($6.00) per hour in wages. On the morning of December 24, 1984, petitioner was accosted by Paul Jones, a co-worker, who demanded the fork truck petitioner was then operating. An altercation ensued and petitioner, who was at that time forty-eight (48) years of age, received a split lip and severe headaches from blows delivered by his co-worker. Petitioner was trapped in his fork lift truck and was unable to retreat. Accordingly, he defended himself and was subsequently discharged for fighting, as such activity contravened employer's no-fighting policy.

Petitioner applied to the Office of Employment Security (OES) which denied his claim, finding that his fighting constituted willful misconduct. Petitioner took an appeal, and a hearing was held before a referee at

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

which petitioner appeared without representation. The referee agreed with the OES, concluding that petitioner, by engaging in fighting, was subject to immediate dismissal according to company policy and that benefits were, therefore, to be denied. The Board affirmed the decision of the referee, but after reviewing the record, set forth its own findings of fact and conclusions of law as is its prerogative pursuant to *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985).

The pertinent factual findings of the Board are as follows:

2. Employer policy of which the claimant [petitioner] was aware provides for the immediate discharge of anyone who engages in fighting during working hours or on the employer's premises.

3. On December 24, 1984, the claimant [petitioner] and a co-worker engaged in a physical confrontation regarding the use of a fork truck.

4. The co-worker told the claimant [petitioner] that he wanted his fork truck. The claimant [petitioner] told him he could have it if he found him (the claimant) another truck.

5. The co-worker began slapping the claimant [petitioner] in the face and grabbed his clothes.

6. The co-worker who is approximately 21 or 22 years old referred to the claimant [petitioner] as an old man and directed a vulgarity at him. When the claimant [petitioner] asked what he meant the co-worker slapped him once again.

7. The claimant [petitioner] then struck back at the co-worker.

8. The claimant [petitioner] was discharged for his violation of employer policy.

9. The employer's policy was not unreasonable.

10. The claimant [petitioner] has not established good cause for his actions.

11. The claimant [petitioner] had the option of walking away and reporting the incident to his supervisor.

The Board then concluded:

The claimant [petitioner] was discharged for engaging in a physical confrontation with another employee during working hours and on company premises. The claimant [petitioner] was aware that fighting was a dischargeable offense. The claimant's [petitioner's] co-worker struck him first and while this occurred, the claimant [petitioner] knowing that his job would be in jeopardy, could have walked away and reported the incident to his supervisor without having resorted to striking back. The employer's rule was not unreasonable and the claimant [petitioner] has not established good cause for his actions. We must conclude that the claimant's [petitioner's] actions were a disregard of the standard of behavior which the employer has a right to expect of an employee and rise to the level of willful misconduct in connection with his work.

Petitioner, on appeal, contends that the Board's determination is not supported by substantial evidence and is contrary to the law.[2] Petitioner states that the facts of this case do not, as a matter of law, establish that his actions constituted willful misconduct. We agree.

---

[2] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Pacini v. Unemployment Compensation Board of Review*, 102 Pa. Commonwealth Ct. 355, 518 A.2d 606 (1986).

In an unemployment compensation case, it is the employer who bears the burden of proving willful misconduct. *Glenn v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 550, 455 A.2d 293 (1983).

In the instant case, there is no debate that the employer had a work rule against fighting and that this rule had been violated. The Board's findings are dispositive on this issue. Furthermore, it is axiomatic that violation of a reasonable work rule rises to the level of willful misconduct unless the action of the employee is justifiable or reasonable under the circumstances. *See Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

However, petitioner asserts that his involvement in the altercation at issue was justified because: (1) he was not the instigator; (2) he received several blows before defending himself; and (3) he was, in essence, trapped within his fork truck, with his "back against the wall" and could retreat no further. Petitioner argues that the above facts do not constitute willful misconduct. *See Sun Oil Co. v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 21, 408 A.2d 1169 (1979) (which held that a reasonable belief of imminent bodily harm and feared danger of an assault justifies reasonable retaliating force).

Petitioner's account of these events is borne out by his uncontradicted testimony at the hearing before the referee.

The record indicates that petitioner testified as to the events on the day of his discharge as follows:

QR:  Mr. Peeples, what happened that day?

AC:  Well, on the morning of December 24th I went to work, and was assigned to a work truck. . . . At this time, about 8:30, Paul Jones came up to me and said, I want your fork truck

and I said well, you can't get this fork truck. He said, . . . why aren't you working on the powertizer machine. You were assigned to that. I said well, I talked to the foreman, Mr. Quartery and he asked me to go back in to [sic] small auto and I talked to him the day before and he wanted me to get a bit more experience [on the fork truck petitioner was at the time operating]. . . . [A while later] . . . Paul approached me again. He said I'm going to take your fork truck. I said, well, if you get me one, you're welcome to it. It's a fork truck, no problem which we have always done previous. Then, he began to get a little angry. I said what are you getting angry for, man, you can have the fork truck, just get me one, no problem. So, he started slapping me around in the face. He smacked me, grabbed my clothes. He said look, old man, excuse the expression, he said, I'm gonna f--- [sic] you up. I said, what do you mean. He slapped me again. I said, look, man, this is enough and in return, I hit him.

QR: Why didn't you go to the supervisor?

AC: I was gonna get beat up.

QR: Why didn't you walk away and go to the supervisor?

AC: How could I walk away? There's a fork truck, it's closed in, the man's got me in the car. The only alternative is to protect myself, just to fight back.

. . .

QR: What was he, a young man?

AC: A young man, 21 or 22 years old.

Transcript, pages 3-4.

Employer did not rebut petitioner's account of events other than to dispute who had thrown the first

blow. However, the Board, in its findings of fact Nos. 3 through 7, adopted petitioner's account that he had not been the instigator.

The Board seeks to insulate its decision by stating that it is entitled to any inferences which can be reasonably drawn from the evidence. *See Jones v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 572, 460 A.2d 412 (1983). However, the Board's conclusion that petitioner "could have walked away and reported the incident to his supervisor without having resorted to striking back" is unsupported by any record evidence.

The facts clearly indicate that petitioner was accosted by a young man and, restrained as he was by the fork lift truck he was operating, had no choice but to defend himself after words of solace and his own inactivity had proved ineffective. Under these circumstances, petitioner was justified in using reasonable force in self-defense. *Sun Oil Co.* Furthermore, since employer, who had the burden of proving willful misconduct, has not negated petitioner's justification, we can only conclude that willful misconduct was not present.

Accordingly, since we find the Board's determination is unsupported by substantial evidence, we reverse.

## ORDER

AND NOW, this 11th day of March, 1987, the order of the Unemployment Compensation Board of Review, dated March 28, 1985, in the above-captioned matter, is hereby reversed.