REMCON PLASTICS, INC., Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 1994.
Decided Dec. 14, 1994.

Rhonda M. Fulginiti, for petitioner.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Remcon Plastics, Inc. (Employer) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's grant of benefits to William L. Garrett (Claimant). We affirm.

Claimant worked for Employer as a general laborer in the shipping department. Employer had a policy which prohibited fighting and made such conduct subject to disciplinary action, including discharge. Claimant knew of Employer's policy regarding fighting.

For several months Claimant had a personality conflict with a co-worker which Claimant alleged stemmed from their age differences; Claimant was fifty-two years of age and the co-worker was approximately twenty-three years old. On several occasions, Claimant and the co-worker had verbal altercations. Claimant informed his supervisor of the personality conflict on several occasions, but Employer took no action.

On the morning of December 15, 1993, the dispute between Claimant and the co-worker resulted in a physical altercation, ending in Claimant ultimately getting "the best of [the co-worker]." (Notes of Testimony (N.T.) of February 23, 1994 Hearing at 9.) The following day, Employer discharged Claimant because of the altercation, while the co-worker was not discharged. Claimant filed for unemployment compensation benefits which the Office of Employment Security (OES) granted. Employer appealed and the referee, following a hearing at which time Claimant and two Employer witnesses testified, affirmed the OES' grant of benefits.

Employer appealed to the UCBR which found that both employees freely entered into and participated in the altercation (UCBR Finding of Fact 6) but, held that Employer failed to meet its burden that Claimant's discharge was for willful misconduct in connection with his work in accordance with Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e). The UCBR based its decision that Employer had failed to meet its burden on the fact that the only first-hand testimony before the referee was that of Claimant, which the UCBR found credible. The UCBR concluded that because the co-worker, a similarly situated employee,

was not discharged, that disparate treatment occurred.

On appeal to this Court,[1] Employer argues that the UCBR erred as a matter of law in granting benefits to Claimant because Claimant engaged in willful misconduct which should render him ineligible for benefits under Section 402(e) of the Law.

Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge based on willful misconduct connected with his work. Employer posits that because Claimant engaged in fighting, in direct violation of an Employer rule of which he had knowledge, that this act constituted willful misconduct rendering Claimant ineligible for benefits, regardless of whether or not the co-worker with whom he was fighting was discharged.

■ In proceedings resulting in a denial of benefits for willful misconduct, the employer has the initial burden of proving the willful misconduct which renders the claimant ineligible for benefits. *Brady v. Unemployment Compensation Board of Review,* 115 Pa.Commonwealth Ct. 221, 539 A.2d 936 (1988).

■ Here, Claimant candidly admitted that, contrary to Employer policy prohibiting fighting, he and a co-worker freely entered into and participated in an altercation on Employer's premises. Such conduct alone may disqualify a claimant from receiving benefits because participation in a fight during working hours is willful misconduct, whether it is in violation of a stated company policy or not, since, at a minimum, the conduct rises to a level of disregard of expected standards of a behavior and of the Employer's interest. *Perez v. Unemployment Compensation Board of Review,* 58 Pa.Commonwealth Ct. 282, 427 A.2d 763 (1981).

■ Once a *prima facie* case of willful misconduct has been established, however, the inquiry does not end as Employer argues. The burden then shifts to the claimant

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

to demonstrate that his behavior did not constitute willful misconduct *under the facts. Brady.* In Claimant's summary of interview which was identified and entered into the record without objection from Employer, (N.T. at 2–3), Claimant indicated he was informed that he was discharged for "fighting" but that he did not agree with this because, "I was defending myself and the other guy was not fired. Also, I was on light-duty and they don't like people being on light-duty." (4a.)[2] While the UCBR did not make a finding on the justification of Claimant's actions, the UCBR did credit his testimony and concluded that because of Employer's disparate treatment that Claimant was not guilty of willful misconduct.

■ Employer argues that even though the UCBR credited Claimant's testimony, that its actions of not discharging the other employee is not disparate treatment because with respect to discharges for misconduct, unless the discharge complained of is actually an act of unlawful discrimination, a denial of unemployment compensation benefits should not be disturbed on the ground that other employees who engaged in the same conduct were not discharged, citing *Bays v. Unemployment Compensation Board of Review,* 62 Pa.Commonwealth Ct. 421, 437 A.2d 72 (1981).

Claimant asserts, however, that an employer must enforce rules equally in order to establish a standard of conduct which could reasonably be expected of an employee, as we held was the standard in *Beaver Falls v. Unemployment Compensation Board of Review,* 65 Pa.Commonwealth Ct. 14, 441 A.2d 510 (1981).

■ The essence of disparate treatment is not only whether unlawful discrimination has or has not occurred, but also must consider whether similarly situated people are treated differently, based upon an improper criteria. *American Racing Equipment, Inc. v. Unemployment Compensation Board of Review,* 144 Pa.Commonwealth Ct. 310, 601 A.2d 480 (1990). In *American Racing,* we made two pertinent findings of fact upon which we

based our conclusion that there was no disparate treatment. First, we found that the terminated employee was not similarly situated because he was managerial and the other two employees, who were not discharged for the same actions, were not managerial employees. Second, we found that the employer did not treat the discharged employee differently based on any improper criteria. The differing treatment of the employees was based on the manager's level of responsibility *and* because of business necessity, both of which we held were proper criteria. Here, Claimant and the co-worker were similarly situated. Further, Employer offered no evidence of proper criteria such as business necessity to justify the disparate treatment of Claimant. Therefore, under *American Racing,* we hold that the UCBR did not err in holding that Claimant was eligible for benefits.

Accordingly, we affirm.

### ORDER

AND NOW, this 14th day of December, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent. I believe that the order of the Unemployment Compensation Board of Review (UCBR) which affirmed the referee's grant of benefits to the Claimant should be reversed.

In its decision to affirm Claimant's receipt of benefits, the majority states that the UCBR concluded that because of Employer's disparate treatment, Claimant was not guilty of willful misconduct. Clearly this was an erroneous conclusion since the Claimant's behavior did constitute willful misconduct.

This court has held that participation in a fight during working hours is willful misconduct which alone may disqualify a claimant from receiving benefits since, at a minimum, the conduct rises to a level of disregard of

---

**2.** A violation of a reasonable work rule rises to the level of willful misconduct *unless* the action of the employee is justifiable or reasonable under

the circumstances. *Peeples v. Unemployment Compensation Board of Review,* 104 Pa.Commonwealth Ct. 504, 522 A.2d 680 (1987).

expected standards of behavior and of the employer's interest. *Perez v. Unemployment Compensation Board of Review,* 58 Pa.Commonwealth Ct. 282, 427 A.2d 763 (1981). Moreover, this court has held that a violation of a reasonable work rule rises to the level of willful misconduct *unless* the action of the employee is justifiable or reasonable under the circumstances. *Peeples v. Unemployment Compensation Board of Review,* 104 Pa.Commonwealth Ct. 504, 522 A.2d 680 (1987).

In this case, the UCBR did not make a finding on the justification of Claimant's actions. It would, therefore, be incorrect to conclude that Claimant's behavior did not constitute willful misconduct.

The majority correctly notes that the applicable standard of employee conduct was set forth by this court in *Beaver Falls v. Unemployment Compensation Board of Review,* 65 Pa.Commonwealth Ct. 14, 441 A.2d 510 (1982). However, the majority fails to do more than simply enunciate this fact. In *Beaver Falls,* this court stated that where an employee discharge based on the violation of a rule is established, the burden shifts to the claimant to prove both that the rule was not enforced uniformly and that a violation thereof was not an act which was contrary to a reasonable standard of behavior which an employer could expect of an employee.

In this case, the Claimant did not prove that his violation of Employer's rule against fighting was not an act which was contrary to a reasonable standard of employee behavior. Fighting, in direct violation of a company policy, can hardly be considered reasonable behavior for an employee.

Finally, the majority relies on *American Racing Equipment, Inc. v. Unemployment Compensation Board of Review,* 144 Pa.Commonwealth Ct. 310, 601 A.2d 480 (1991) to support its conclusion that there was disparate treatment of employees so the Claimant should not be denied benefits. I believe that the present case is more analogous to *Bays v. Unemployment Compensation Board of Review,* 62 Pa.Commonwealth Ct. 421, 437 A.2d 72 (1981) than to *American Racing.*

In *Bays,* this court held that unless an employer's disparate treatment of his employees with respect to a discharge for misconduct demonstrates that the discharge is in reality an act of unlawful discrimination, which the denial of unemployment compensation benefits would reinforce, then benefits should be denied. In this case, there was no evidence presented to substantiate a finding that the Employer's conduct reached the level of unlawful discrimination. Moreover, this court in *American Racing* acknowledged the holding in *Bays* that the mere fact that one employee is discharged for willful misconduct and others are not discharged for the same conduct does not establish disparate treatment.

Accordingly, I would reverse the order of the UCBR and deny the referee's grant of benefits to the Claimant.